Good morning, and may it please the Court. My name is Sarah Gannett. I'm an Assistant Federal Public Defender here in the District of Arizona, and I represent the petitioner, Mr. Ismael Antonio Murphy-Richardson, in this appeal. I'll aim to reserve two minutes for rebuttal. Two minutes? Two minutes. Thank you, Your Honor. The District Court erred in dismissing Mr. Murphy-Richardson's Section 2254 petition with prejudice because the Superior Court is still considering his counseled amended petition for post-conviction relief. So, you know, we sent that order, and then we received two documents, and it was not clear that those documents addressed the June amended petition. They don't, Your Honor, and that petition remains pending. The document that we ought to have submitted and which I'm prepared to submit to the Court today or following the argument is an order of March the 7th, 2023, in which the Court assigns the PCR from February of 2021 for ruling by the Superior Court, and that ruling remains outstanding as of this date. So, just to be clear, the February 22nd, 2021 amended petition is still pending? That's correct, Your Honor. That's correct, Your Honor. And for that reason, and at least two other reasons, the petition is not procedurally defaulted. The Court authorized... Well, in its response to the February 2021 petition, has the State raised the assertion that the claims that are in that petition are procedurally defaulted? It did. And there's been no ruling on that? And there's been no ruling on that. Yet. As of this date. Can it be possible to have exhausted the claim when there is a pending State Court petition? I mean, isn't exhaustion based on a principle of comedy so our Court's not interfering with the proceedings that's happening below? So, how can the claim be still pending? That's correct, Your Honor. And our position is that this situation is different from the usual situation which procedural default is presented in this Court. So, if you file like a fifth State petition, you can then say, well, now you've got to hold my federal habeas petition, even though the State invokes procedural defaults in response to the fifth and says, here we go again. But you say, well, now we have to, the Federal Court has to stay its hand because, you know, we file something in State Court. Is that how it works? Well, there are two ways in which this situation is different. The first way is that the Superior Court seems to have authorized Mr. Murphy Richardson to proceed in this case. And it did that in two ways. The first way is that after the July 3rd of 2019 petition was purportedly ruled on in July of 2020, in that ruling, the Superior Court deferred the processing of another pending petition to another division of the Court. And it advised Mr. Murphy Richardson at that time that he could take up any issues with the Court's ruling in that other pending petition. So, it was as if the Court told him, don't appeal, just continue in this litigation with your other pending petition. The second way that it encouraged him to proceed in the Superior Court was by authorizing his amended counseled petition, which was in November of 2020, sorry, December of 2020. And in order on December 4th of 2020, the Court appointed counsel and authorized Mr. Murphy Richardson to file the petition that the Court asked about earlier this morning. But none of those have the effect of making any determination of whether the State procedural bars are applicable there because the State has raised them and they've not been decided. That's correct, but they do leave open a question whether this will be considered to be a successive petition or not and an argument that it should not be. But even if it is a successive petition, the Arizona State rules allow for successive petitions under some circumstances. And given that Mr. Murphy Richardson in that February 2021 petition is challenging the ineffectiveness of his counsel with respect to the guilty plea and therein whether the guilty plea was voluntary, he may well fit into one of those exceptions where a successive petition is permitted. This is not like the usual case where we see procedural default invoked, where someone has exhausted their State remedies, comes to Federal Court and introduces new claims in the Federal petition and then says, I want to go back to State Court and I want to exhaust those claims in State Court. In that situation, it's appropriate for the Federal Court to invoke procedural default. But in this situation, the State Court hasn't had the opportunity in the first instance to rule on the merits of Mr. Murphy Richardson's pending petition and the Court should defer to the Superior Court to do that in the first instance. So what we have here is effectively a protective petition in habeas, which Mr. Murphy Richardson should be allowed to maintain under the Rines State and Obey procedure so that he does not lose the benefit of his one and only chance at Federal habeas by virtue of potentially missing the statute of limitations on his habeas. And this Court, in a case which I regret I did not cite in the briefing, Mena v. Long, that's 813 Fed 3rd 907, has said that even in a totally authorities I wanted to mention to the Court if there are not other immediate questions. Another case that regretfully I did not raise in the briefing that may be of help to the Court is a decision by Judge Schroeder in Greenway v. Schreiro, 659 Fed 3rd 790. And that case, although not perfectly on point, deals with this situation where the State Court appears to have authorized an amended petition and whether procedural default should apply in that situation. And finally, Your Honors, Stewart v. Smith, which is 46 P 2nd 1067, which deals with the issue in Rule 33.2A3, how the Arizona rules authorize successive petitions in some circumstances. Is it clear that you would be barred by the statute of limitations? It's not clear. However, it might be close if the Attorney General's position is correct that the first petition is the petition that counts and any other petition is successive. That this is not a successive? Correct. And that would be told as to this? That's correct, Your Honor. And what are the grounds for saying it's not successive? And why couldn't you have challenged the ineffective assistance of the additional counsel in the first petition? So our position is that he did in the first petition. However, inartfully, that he did raise that issue in the first petition. But the grounds for it not being successive are first, the point I made earlier about it being authorized by the court. And then second, if it is successive, that when trial rights are implicated, that the Arizona rules permit a successive petition under those circumstances so that it would be an authorized successive petition. The Arizona rules permit you to just keep raising ineffective assistance claims because they're trial claims? When it goes to the voluntariness of a plea, the Arizona rules may permit that. And with that, I'll reserve for rebuttal. Thank you, Your Honor. All right. So then we'll hear from Mr. Smith. Thank you, Your Honor. May it please the court, Joshua Smith, Assistant Attorney General representing the respondent at police. The district court properly found that Mr. Murphy Virginson's claims were procedurally defaulted and properly dismissed his petition. Can you address this issue? I mean, because it's a little frustrating to issue an order like we did and then get back what seems like we get a filing with orders. Okay, this is going to answer the question. Then you look at it and it's like, doesn't seem to address what we asked at all. No, yes, Your Honor. I agree that the state court record is a bit of a mess, but it's a bit of a Mr. Murphy Virginson's own making because he keeps filing or kept filing. Well, it should be pretty clear for the state to be able to say whether or not that amended counsel petition from February, I think I said June before, but it's from February, is still pending. There's got to be a clear answer to that and you know it and you should be able to give that to us. Yes, and if you look at the June 2023 order that we supplemented the record with last week, at the very end of it, while it does not expressly address that February petition, at the very end it denied all other requests for relief. So our position is that it implicitly denied that February petition. Also the June 2023. So your view is that in fact everything that we were just told is wrong and that there's nothing pending? Yes, the June order denied all other pending relief. So I'll agree there's no express ruling, but the very last line of the June order, so page five of that order, it is further order denying all other requests for relief. So our view is that that's an implicit denial of everything that was not specifically addressed as the kind of blanket to resolve the matters and Mr. Murphy Richardson is currently appealing that order in the Arizona Court of Appeals. So is there, so there's no like hearing set or briefing schedule or anything still going on? It does appear in the Superior Court. He has filed a petition for review in the Arizona Court of Appeals and it's pending there. I can, if the court wants, further supplement the record with that. At the trial level, everything is closed. So that appears to be. Okay, so your position is that we just, I just didn't read the order right, that it actually is there, but I didn't see it. Our view is it's implicit in the order, but even putting that aside, in the second page of the PCR proceedings in the case at issue here, there are three case numbers on the order. The case number that's relevant for our purposes is the 2018 case. So on the first full paragraph of the second page of the June order, it says this is the third Rule 33 proceeding in the 2018 case. So implicit in that is also a recognition that the February 2021 PCR, or the, yes, February 2021 PCR was a successive PCR proceeding, which is consistent with the state's argument in response to that PCR and it's consistent with how the R&R treated it. So you and your adversary disagree as to whether or not there's anything pending in the district, in the Superior Court? When I checked, I checked the district, the Superior Court's docket yesterday. I don't recall seeing anything filed in the, post the June order. I can check again. Your opposing counsel said, and maybe she can address this when she comes back up to the podium, but she said that the court assigned the February 21, 2021 petition to the Superior Court for resolution and there is yet to, there's yet to be any resolution of that. I mean, she said that pretty clearly and your argument is that there was an implicit denial. So there seems to be a gap here. Well, I agree that the, the state court record is confusing. And I'm also- How do we know that this claim was before the court at the time of the June order? The IAC claim that he raised in his habeas? It wasn't before the Superior Court. He raised his IAC claim in the second, in the counsel PCR as a different IAC claim than what he raised in his petition. In his habeas petition, he's arguing counsel should have filed the motion versus the other, or no, in the habeas, he's arguing counsel should have told me I could file the motion to withdraw and the counsel PCR, he's arguing counsel should have filed the motion. But again, the amended petition is a successive petition and that's a claim that's precluded because he did not raise it in his original PCR. Here's one of the things that confused me about, I see this order and I see the sentence you're referring to at the bottom of page five. But if you go to the first and second page of the order, the, the judge lists the things that are pending, pending before the court are the following filings and the following numbers. And, and you said the relevant number is 2018 and that's there. But then it lists 13 documents and I don't see the February amended petition as one of them. So that is confusing. And that's why our view is it's an implicit denial, but putting even, even if. Let me, let me ask you about that because it seems to me consistent with what Judge Collins is asking, is that the court just inadvertently didn't, didn't address the February 2021 petition, but the sort of the court's inadvertent failure to address it, I don't think can be. And I, and I'd like to know if you have any authority to tell us that that can somehow be interpreted as an implicit denial. I mean, it seems to be a pretty significant leap to go from, you know, the court doesn't know it's there. It inadvertently doesn't address it. And now we should just assume that that's a denial. Well, even if this court doesn't want to read an implicit denial into the last sentence of the order, the order still recognizes that the June, the February 2021 petition filed by counsel is a successive PCR. And because it's successive PCR, the claims are precluded under state law. And none of the claims that Murphy Richardson raised in his habeas petition were raised in his initial PCR. His initial PCR does not challenge the conduct of his attorneys at all. It raises challenges to judicial misconduct and state action. What about the argument that counsel made that because the claims in the second petition implicate the voluntariness of a plea, it would fall within an exception under Arizona law? I don't agree with that. The rules are pretty clear. It has to be a claim. If it's a claim that you could have raised originally, it's precluded. And it's a claim he could have raised. And again, an IAC claim is not the same as a voluntariness claim. And his claim in his original PCR is my plea was involuntary, but it wasn't, he wasn't alleging any conduct on the part of his attorneys. He was arguing that the plea was involuntary because judicial misconduct and state action and they weren't involuntary in his claim was raised in the first petition. And what we have in the second is an ineffective assistance claim. Yes. And those are two distinct claims. And it wasn't ineffective also in the first one of a different sort. There was no challenge to his counsel's performance at all in his original PCR. And even if you want to liberally construe it, liberal construction doesn't let this court invent claims that were never raised. And voluntariness of a plea is not the same as ineffective assistance of counsel. I know in the reply brief, they cite to Sanders v. Ryder, but that case dealt with a situation where the defendant or the habeas petitioner argued in his state court proceeding and ineffective assistance of counsel claim, but did not cite the Strickland. And in that case, this court held, well, an IAC claim should clue the state court into Strickland, especially when the state court is using the same standard in Strickland. So we're going to find the claim is exhausted. Here in his original PCR, he never challenged his attorney's behavior at all. And so simply saying my plea is involuntary is not analogous or synonymous with saying also my lawyer was ineffective related to that plea. Those are two distinct claims that do not, a court looking at that will not, should not, or would not reasonably conclude I should also look at and analyze this under Strickland when my, when the lawyer's conduct is not challenged at all in the original PCR. As the state argued in response to the counsel petition, the claims are all precluded. Counsel didn't file a reply to that petition. They were given an opportunity and they never addressed the preclusion and they never even addressed why the claims were never raised originally. So the claims are precluded under the state's procedural rules and implied procedural bar should apply. Well, I mean, both of you are raising, you know, very interesting questions about Arizona procedural law and what federal habeas laws should do in this unusual situation, but it may also be all be entirely, you know, a hypothetical exercise if in fact the state law claim has been denied as procedurally barred or just denied without explanation. And I'm not sure it makes sense that we would proceed to decide all of this without knowing the answer. Is there some kind of procedure that's available? I don't know whether, you know, both sides could jointly file a motion for clarification. I mean, it seems odd to put us to this exercise when all we need is a clear answer from the state court and because if it goes one way, that may move a lot of difficult issues and if it goes the other way and we may have to decide some difficult issues. And I agree with that, Judge. I see him out of time. I may respond. Absolutely. Yes, I, again, I, this is the, the state court record is a, is a bit of a mess and it's frustrating that in the March order that was also supplemented. Is there a mechanism like that? Is it possible to file a, some kind of motion for clarification? I believe it would be, I believe it would be, Your Honor, and we, and it could just lay out that we rep, that, you know, we're involved in the habeas litigation and this order does not, or this petition does not appear to have been resolved and we're asking for the state court to rule on it. Well, you claim it has been and your opposing counsel claims it hasn't. There's disagreement on the status of it. At least clarify the status and, and then. I believe that, that, that's something that could be done. I've not seen it done before. Why, why, why wouldn't this be straightened out at a later time if, if, if we simply said this should be dismissed without prejudice and then it'll either, it may come back or it may not. I think that would also be an appropriate remedy instead of a rind stay because a rind stay, I don't want to go over too much, but even if you think this claim is possibly unexhausted, the other claims are still procedurally defaulted, which makes it a mixed petition. The rind stay would, would be, would be a conclusory as to the, not exhaustion, but a dismissal without prejudice wouldn't. Yeah, a dismissal without prejudice, I, I think would be appropriate as an alternative remedy instead of a rind stay. And if opposing counsel is correct that this has just been pending the entire time that it would not affect the statute of limitations because it had been told. But you, but the state opposes a rind stay, but would be okay with the dismissal without prejudice? Yes, I think a dismissal without prejudice would be an appropriate remedy. A rind stay would just kind of leave everything in limbo for, yeah, versus the, yeah, so, but I'm two minutes over my time. Thank you, Your Honor. Okay. All right. Thank you. So we'll hear rebuttal now from Ms. Gannett. I think I mispronounced the, put the accent on the wrong syllable before. Thank you, Your Honor. It's important to note that even if we had clarity from the superior court regarding the disposition of the pending PCR, Mr. Murphy Richardson has a right to exhaust his remedies all the way through the appellate court. And as the state noted, even if the PCR was impliedly denied in that strange June opinion, Mr. Murphy Richardson has appealed the decision in the June opinion. And so he is still litigating that PCR in a manner that makes it appropriate for a rind stay to be entered. The state has said it's okay with the dismissal without prejudice. And if you're still litigating this, then that would seem to protect you. So a rind stay seems inappropriate. It only protects Mr. Murphy Richardson. The state just said that it would be told. It would be told if the theory about the PCR being pending from July 2019 through the present is correct. But the state has argued throughout that that is not correct. And they have stuck to the position that Mr. Murphy Richardson had one and only one permissible PCR in July 2019. And if the court dismisses his federal habeas, whether with or without prejudice, then the statute of limitations will run very quickly. And probably before he can get back into federal court, which is why a rind stay is appropriate to protect his federal rights. Thank you, counsel. We've taken you over. Appreciate the arguments. Thank you, counsel, for both sides in this case. And the case of Murphy Richardson versus Attorney General is submitted for decision.
judges: SCHROEDER, COLLINS, DESAI